IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02780-PAB-KMT

TRINA S. GARCIA,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Individually and as Director of the Colorado Department of
    Corrections,
MARK A. BROADDUS, Individually and in his capacity as Warden of the Denver
    Women's Correctional Facility, and
BRANDON GONZALES, Individually and in his capacity as an employee of the
    Colorado Department of Corrections,

    Defendants.

## ORDER

This case arises out of alleged sexual misconduct by an employee at the Denver Women's Correctional Facility ("DWCF"), which is part of the Colorado Department of Corrections ("CDOC"). At the times relevant to this dispute, plaintiff Trina Garcia was an inmate at the DWCF. She alleges that defendant Brandon Gonzales, who held the position of Teacher I at DWCF, forced her into a sexual relationship between December 2006 and April 2007. In May 2007, the CDOC terminated defendant Gonzales' employment. Plaintiff brings an Eighth Amendment claim against defendant Gonzales. She also brings an Eighth Amendment claim against defendant Aristedes W. Zavaras, who was the Executive Director of the CDOC at the time of the alleged misconduct, and defendant Mark Broaddus, who became the Warden at the DWCF on September 1, 2007.

Defendants Zavaras and Broaddus have filed a motion to dismiss and for summary judgment [Docket No. 60]. The motion is fully briefed and ripe for disposition.

## I. STANDARD OF REVIEW

In their motion, defendants Zavaras and Broaddus request both dismissal and summary judgment, citing the standards of review applicable to both Federal Rules of Civil Procedure 12 and 56. Discovery in this matter is complete and defendants rely upon matters outside the pleadings. *Cf. Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (finding plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings); *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n. 2 (10th Cir. 1996) ("'[W]hen a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the part[y] puts [her] on notice that the judge may treat the motion as a Rule 56 motion.'") (quoting *Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987)). In response, plaintiff includes the summary judgment standard of review and also relies upon matters outside the pleadings. *See Marquez*, 463 F.3d at 1121 ("[P]laintiff's response to the motion clearly demonstrated that he was aware that the motion would be converted to a Rule 56 motion for summary judgment."). The Court, therefore, will apply a summary judgment standard to the pending motion.

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## II. DISCUSSION

Pursuant to Section 1983 of Title 42 of the United States Code, plaintiff brings a claim for deliberate indifference in violation of the Eighth Amendment against defendants Zavaras and Broaddus in both their individual and official capacities.  Plaintiff concedes that there is insufficient evidence to proceed on her claim against defendant Broaddus in his individual capacity, and that she may not bring her claim against defendants Zavaras and Broaddus in their official capacities because she is not seeking injunctive relief.  Therefore, the Court need only address plaintiff's Eighth Amendment claim against defendant Zavaras in his individual capacity.

Plaintiff's claim against defendant Zavaras relies upon his responsibility for the conduct of the wardens of CDOC facilities; his oversight of the director of prisons, the inspector general, the chief financial officer and the director of adult parole; and his approval of CDOC policies. These facts, without more, are insufficient to support her claim against defendant Zavaras because personal participation in the alleged constitutional violation is an essential element of a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must show an affirmative link between the alleged constitutional violation and the defendant's participation, control, direction, or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Here, she merely relies upon defendant Zavaras's position, which is insufficient. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff attempts to avoid this conclusion by contending that "personal participation" is no longer a requirement in § 1983 claims. *See* Docket No. 66 at 10. The Tenth Circuit has been clear, however, that "§ 1983 liability [may] only be imposed upon those defendants whose own individual actions cause a constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1200 (10th Cir. 2010). Plaintiff must "prove each defendant took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation." *Id.*

In this case, plaintiff asserts conclusory and speculative facts, relying almost entirely on the opinions of an expert regarding the legal implications of defendant Zavaras's position. She asserts that defendant Zavaras was indifferent to the problem

of sexual misconduct by prison guards, but fails to cite any evidence supporting the existence of an "'affirmative' link . . . between the unconstitutional acts by [his] subordinate[] and [his] 'adoption of any plan or policy . . . — express or otherwise — showing [his] authorization or approval" of the acts. *Dodds*, 614 F.3d at 1200-01 (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Instead, she cites his responsibilities as the Executive Director of the CDOC and asserts that he should have implemented better policies to prevent the alleged systemic problem of sexual misconduct by prison guards. Liability pursuant to § 1983, however, may not rely on the responsibilities inherent to a supervisor's position alone. "Each government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff has cited no evidence of misconduct by defendant Zavaras.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the motion for summary judgment [Docket No. 60] filed by defendants Zavaras and Broaddus is GRANTED. Plaintiff's claim against defendants Zavaras and Broaddus is dismissed. Any final judgment entered upon resolution of the remaining claim against defendant Gonzales shall reflect the rulings in this order.

DATED November 19, 2010.

                                                     BY THE COURT:

                                                    s/Philip A. Brimmer
                                                    PHILIP A. BRIMMER
                                                    United States District Judge