IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02780-PAB-KMT

TRINA S. GARCIA,

    Plaintiff,

v.

BRANDON GONZALES, Individually and in his capacity as an employee of the
    Colorado Department of Corrections,

    Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff's motion for default judgment against defendant Brandon Gonzales pursuant to Federal Rule of Civil Procedure 55(b)(2) [Docket No. 77].

Plaintiff initiated this action on December 23, 2008. *See* Docket No. 3. On May 8, 2009, the United States Marshals Service effectuated service of the complaint on defendant Gonzales. *See* Docket No. 20. Because defendant Gonzales "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), plaintiff filed the present motion. On January 25, 2011, the Clerk of the Court filed an entry of default as to defendant Gonzales pursuant to Rule 55(a). *See* Docket No. 82.

Upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed.2010). In this case, plaintiff has sued defendant

Gonzales in his individual and official capacities. Plaintiff, however, does not seek injunctive relief against defendant Gonzales and, therefore, may not recover against him in his official capacity. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005).

As for plaintiff's claim against defendant Gonzales in his individual capacity, plaintiff seeks entry of default judgment on her Eighth Amendment claim. The complaint alleges that plaintiff is an inmate in the custody of the Colorado Department of Corrections ("CDOC") in Denver, Colorado and that defendant Gonzales was a correctional officer with responsibility over plaintiff. Plaintiff further avers that defendant Gonzales compelled plaintiff to engage in sexual conduct on multiple occasions against her will and suggested that he would harm her family if she were to report him. *See* Docket No. 4 at 3. These facts, accepted as true, are sufficient to support plaintiff's Eighth Amendment claim against defendant Gonzales. *See Fleetwood v. Werholtz*, 2011 WL 1527261, at *8 (D. Kan. Apr. 20, 2011) ("Sexual abuse inflicted by state actors against prison inmates has been found to be a violation of the Eighth Amendment.") (collecting cases).

The Court, however, cannot determine from the complaint the extent of plaintiff's damages. Plaintiff requests that the Court hold an evidentiary hearing on the issue of damages, and Rule 55(b)(2)(B) provides that the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages . . . ." Fed. R. Civ. P. 55(b)(2). Therefore, the Court will defer resolution of the present motion until such time as damages can be determined.

For the foregoing reasons, it is

**ORDERED** that, on or before **May 13, 2011**, plaintiff shall file a statement of her requested damages, such statement not to exceed five pages, and attach all supporting exhibits. On or before that same date, plaintiff shall also file a list of witnesses, if any, she expects to call at the hearing and the estimated length of their respective testimony. It is further

**ORDERED** that, on or before **May 20, 2011**, plaintiff shall contact this Court's chambers to schedule the damages hearing. It is further

**ORDERED** that plaintiff's claim against defendant Gonzales in his official capacity is DISMISSED. It is further

**ORDERED** that plaintiff shall mail this order as well as all subsequent filings to defendant Gonzales at the address plaintiff listed in its Certificate of Mailing attached to the present motion, *see* Docket No. 77 at 2, or any other address where she has reason to believe he may be found.

DATED May 4, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge