IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02780-PAB-KMT

TRINA S. GARCIA,

    Plaintiff,

v.

BRANDON GONZALES, Individually,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's motion for default judgment against defendant Brandon Gonzales pursuant to Federal Rule of Civil Procedure 55(b)(2) [Docket No. 77].

Plaintiff initiated this action on December 23, 2008.  *See* Docket No. 3.  On May 8, 2009, the United States Marshals Service effectuated service of the complaint on defendant Gonzales.  *See* Docket No. 20.  Because defendant Gonzales "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), plaintiff filed the present motion.  On January 25, 2011, the Clerk of the Court filed an entry of default as to defendant Gonzales pursuant to Rule 55(a).  *See* Docket No. 82.

Upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed.2010).  In this case, plaintiff has sued defendant

Gonzales in his individual and official capacities. As the Court concluded in its May 4, 2011 order, plaintiff does not seek injunctive relief against defendant Gonzales and, therefore, may not recover against him in his official capacity, but has alleged facts sufficient to support her Eighth Amendment claim against him. *See* Docket No. 87 at 2. The Court further decided to defer resolution of plaintiff's motion for default judgment until such time as an evidentiary hearing on damages could be held. *See* Fed. R. Civ. P. 55(b)(2)(B) (providing that the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages"). The Court concludes that, in light of the sufficiency of the complaint's Eighth Amendment allegations, there is no reason to delay resolution of the motion for default judgment. The Court, however, will defer entry of judgment until such time as damages can be determined.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion for default judgment [Docket No. 77] is GRANTED in part and DENIED in part. It is further

**ORDERED** that plaintiff has established her entitlement to judgment against defendant Gonzalez in his individual capacity for violation of her Eighth Amendment rights. It is further

**ORDERED** that final judgment shall not enter until the Court determines the amount of damages.

DATED August 29, 2011.

                                                  BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge