IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02780-PAB-KMT

TRINA S. GARCIA,

    Plaintiff,

v.

BRANDON GONZALES,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the second motion for attorney's fees [Docket No. 122] filed by plaintiff's counsel, Mr. Brad R. Irwin and on the motion to withdraw as plaintiff's attorney [Docket No. 121] filed by Ms. Arly Miner.

On March 27, 2012, the Court awarded [Docket No. 116] plaintiff compensatory damages in the amount of $25,000.00 and $50,000.00 of punitive damages, and judgment [Docket No. 117] entered accordingly on March 29, 2012.  The Court informed plaintiff that, if she were to seek any attorney's fees incurred in this case, she must file a post-judgment motion complying with Federal Rule of Civil Procedure 54(d)(2), D.C.COLO.LCivR 54.3, and 42 U.S.C. § 1997e(d).  On April 16, 2012, Ms. Miner filed a motion for attorney's fees [Docket No. 118], which the Court struck on April 18, 2012 [Docket No. 120] because Ms. Miner is not a member of the bar of this Court. The Court further noted that the motion failed to comply with D.C.COLO.LCivR 54.3 and 42 U.S.C. § 1997e(d).  *Cf.* Fed. R. Civ. P. 54(d)(2)

Pursuant to the Notice of Non-Admitted Attorney [Docket No. 119], Ms. Miner was instructed to either seek admission to the bar of this Court or file a motion to withdraw. Ms. Miner has chosen the latter course and, in her motion to withdraw, indicates that Mr. Irwin remains as plaintiff's counsel in this matter. *See* Docket No. 121. In regard to Mr. Irwin's motion for attorney's fees, it is both untimely, *see* Fed. R. Civ. P. 54(d)(2)(B)(i),[1] and fails to comply with D.C.COLO.LCivR 54.3 and 42 U.S.C. § 1997e(d). Therefore, the Court must deny the motion.

That leaves the question of what, if any, effect Ms. Miner's appearance on behalf of plaintiff at the March 27, 2012 damages hearing has on the validity of the judgment entered in this case. The Court will require Mr. Irwin to address that issue on behalf of plaintiff.

For the foregoing reasons, it is

**ORDERED** that the motion to withdraw [Docket No. 121] is GRANTED. It is further

**ORDERED** that the second motion for attorney's fees [Docket No. 122] is DENIED. It is further

---

[1]The Court further notes that the first motion for attorney's fees, which was filed on April 16, 2012, was also untimely. Ms. Miner appears to have added an additional three days, pursuant to Fed. R. Civ. P. 6(d), to the fourteen-day period provided in Fed. R. Civ. P. 54(d)(2)(B)(i). The fourteen-day period, however, is triggered by the entry of judgment and not service of the judgment and, therefore, Rule 6(d) does not apply. *See* Fed. R. Civ. P. 6(d); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1171 (3d ed. 2012) (noting that "the three days will be added . . . only when the period in question is measured from the service of a notice or other paper" and that "the subdivision is inapplicable when some other act or event commences the time period, such as the entry of a judgment"); *Sanders v. Drainfield Doctor, Inc.*, 2009 WL 667158, at *5 (M.D. Fla. March 13, 2009); *see also Keys v. Wyeth, Inc.*, 2009 WL 1010064, at *1 n.4 (N.D. Iowa April 14, 2009).

**ORDERED** that plaintiff, through her counsel, shall file a brief on or before **Monday, April 30, 2012**, addressing the effect, if any, of Ms. Miner's appearance at the March 27, 2012 hearing on the validity of the judgment in this case.

DATED April 23, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge